**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 28 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN HERNANDEZ, AKA Juan Bautista Tambriz Tambriz, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 15-70003 <br><br> Agency No. A206-407-196 <br><br> MEMORANDUM<sup>*</sup> |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 26, 2020<sup>**</sup>

Before: TROTT, SILVERMAN, and N.R. SMITH, Circuit Judges.

Juan Hernandez, a native and citizen of Guatemala, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

To the extent Hernandez challenges the agency's determination that he failed to establish changed or extraordinary circumstances to excuse the untimely filing of his asylum application, the record does not compel a contrary conclusion. *See* 8 C.F.R. § 1208.4(a)(4)-(5). Thus, Hernandez's asylum claim fails.

We lack jurisdiction to consider Hernandez's contentions that he received threatening letters and that there may have been translation errors during the hearing before the IJ because he failed to raise these contentions to the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

In his opening brief, Hernandez does not raise any argument as to the BIA's determination that he failed to challenge the IJ's finding that he did not experience past persecution. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). We do not address Hernandez's contentions regarding whether his past experiences rise to the level of persecution because the BIA did not reach that issue. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by

that agency." (citation and internal quotation marks omitted)).

Substantial evidence supports the agency's determination that Hernandez failed to establish a clear probability of future persecution in Guatemala. *See Tamang v. Holder*, 598 F.3d 1083, 1094-95 (9th Cir. 2010) (fear of future persecution was not objectively reasonable). Thus, Hernandez's withholding of removal claim fails.

In his opening brief, Hernandez does not raise any argument as to the BIA's determination that he did not meaningfully challenge the IJ's denial of his CAT claim. *See Lopez-Vasquez*, 706 F.3d at 1079-80. We lack jurisdiction to consider Hernandez's contentions as to the merits of his CAT claim because he did not raise them to the agency. *See Barron*, 358 F.3d at 677-78.

Finally, in his opening brief, Hernandez does not raise any challenge to the BIA's determination that the IJ did not have cause to inquire into Hernandez's mental competency. *See Lopez-Vasquez*, 706 F.3d at 1079-80.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**